UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANDRE SHERROD,**

    **Plaintiff,**

    v.                                                                        Civil Action 2:19-cv-4763
                                                                             Judge Michael H. Watson
**BIMBO BAKERIES USA, INC.,**                          Magistrate Judge Chelsey M. Vascura

    **Defendant.**

### ORDER and REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Substitution of Party and for an Extension of Time (ECF No. 38), Defendant's Opposition (ECF No. 39), and Plaintiff's Reply (ECF No. 40). For the reasons that follow, Plaintiff's request for an extension of time is **GRANTED**, and it is **RECOMMENDED** that his Motion for Substitution be **GRANTED** and that Tori Sherrod be substituted as Plaintiff in this action.

**I.**

Plaintiff, André Sherrod, who filed this employment discrimination case against Defendant, Bimbo Bakeries, passed away on February 19, 2021. (ECF No. 38 at Ex. A.) Defendant filed a Suggestion of Death on April 8, 2021. (ECF No. 35.) The Court granted Plaintiff's request for an extension of time in which to move for substitution, and Plaintiff timely filed the subject Motion for Substitution, seeking to substitute his daughter, Tori Sherrod, as the plaintiff to continue this action on behalf of her father's estate. (ECF Nos. 36–38.) In support of his Motion, Plaintiff attaches an affidavit from his counsel, who represents that Plaintiff's children desire to pursue his claims, and also an affidavit from his daughter Tori Sherrod, who

represents that with the consent of her siblings, she has filed an application for appointment as the estate administratrix and that although approval of that application was delayed due to her probate counsel's clerical error, approval is forthcoming. (ECF No. 38 at Ex. B, C.) Citing the clerical error, Plaintiff requests additional time to file the letter of authority identifying Ms. Sherrod as the administratrix. Consistent with Ms. Sherrod's representations, approximately two weeks later, on September 22, 2021, Ms. Sherrod was appointed administratrix of Plaintiff's estate. (*See* ECF No. 40–1.) Plaintiff filed that letter of authority as an attachment to his Reply on September 30, 2021.

Defendant does not dispute that Plaintiff's claims survive his death. In its Memorandum in Opposition, filed five days *after* Ms. Sherrod had been appointed administratrix but three days *before* Defendant had notice of that appointment, Defendant argues substitution should be denied because Ms. Sherrod is not a proper party. More specifically, Defendant relies upon an unreported case, *Watts v. Novartis Pharm. Corp.,* No. 5:08–cv–2354, 2015 WL 1456647 (N.D. Ohio Mar. 30, 2015), to argue that Ms. Sherrod is not a proper party because she lacks a legal relationship with Mr. Sherrod sufficient to justify her substitution. Defendant further opposes Plaintiff's request for an extension of time by which to submit a letter of authority demonstrating that she has been appointed administratrix, relying on yet another unreported case, *Premoh v. City of Cincinnati*, No. 1:15–cv–265, 2016 WL 2858900, at *5 (S.D. Ohio May 13, 2016), to argue that this Court lacks authority to extend the 90-day period for substitutions set forth in Federal Rule of Civil Procedure 25(a).

## II.

Federal Rule of Civil Procedure 25(a)(1), which governs substitutions following the death of a party, provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

### A.      Plaintiff's Request for an Extension

As a threshold matter, the undersigned addresses Defendant's apparent contention that this Court lacks discretion to extend the 90-day period set forth in Rule 25(a). The unreported case Defendant relies upon in support of this proposition cites cases ultimately relying upon a case that The United States Court of Appeals for the Seventh Circuit decided in 1950. *See Premoh*, 2016 WL 2858900, at *5 (quoting *Demyanovich v. Cadon Plating & Coatings*, LLC, No. 10–15119, 2014 WL 7204928, at *2 (E.D. Mich. Dec. 17, 2014), which, in turn, quotes and relies upon *Hofheimer v. McIntee*, 179 F.2d 789, 791 (7th Cir. 1950)). But Rule 25(a)(1) was amended in 1963 to address the "hardships and inequities" attributable to the "inflexible requirement" set forth in the pre-1963 version of Rule 25(a). *See* Fed. R. Civ. P. 25(a) advisory committee's note to 1963 amendment. Following the 1963 amendment, trial courts have discretion to extend the 90-day period pursuant to Federal Rule of Civil Procedure 6(b). *See id*. ("The motion [for substitution] may not be made later than 90 days . . . unless the period is extended pursuant to Rule 6(b), as amended."); *see also* Fed. R. Civ. P. 6(b) advisory committee's note to 1963 amendment ("The prohibition against extending the time for taking action under Rule 25 (Substitution of parties) is eliminated. . . . It is intended that the court shall have discretion to enlarge [the 90-day] period."). Consistently, courts have exercised this discretion to extend Rule 25(a)'s 90-day period even where the motion to extend the deadline is made *after* the 90-day period has expired. *See*, *e.g.*, *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prod. Liab. Litig.*, No. 2:18–md–2846, 2020 WL 7214150, at *2

3

(S.D. Ohio Dec. 7, 2020) (granting extension, but employing Rule 6(b)(1)(B)'s heightened "excusable neglect" standard where the motion to extend the period was made after the period expired); *see also* 7C Charles Alan Wright *et al.*, *Federal Practice and Procedures* § 1955 (3d ed. Aug. 2019 update) ("Dismissal is not mandatory, despite the use of the word 'must' in the amended rule.").

As relevant here, Plaintiff timely moved for, and the Court granted, an initial extension of the 90-day period in which to file a motion for substitution. Because Defendant failed to object within 14 days, any objection to the undersigned's July 8, 2021 Order initially extending the 90-day period is waived. *See* Fed. R. Civ. P. 72(a). In his timely-filed Motion, Plaintiff requests additional time in which to file the letter of authority identifying Ms. Sherrod as the administratrix, explaining that the application had been delayed due to her counsel's clerical error. Plaintiff's request for additional time is **GRANTED** pursuant to Rule 6(b)(1)(A) for good cause shown. Accordingly, the Court considers the letter of authority appointing Ms. Sherrod as administratrix (ECF No. 40–1) in connection with resolving the subject Motion to Substitute. As detailed above, Defendant's arguments in opposition lack controlling authority and are further undermined by the general proposition that courts prefer to decide cases on their merits. *See, e.g., Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003); *Leak v. Lexington Ins. Co.*, 641 F. Supp. 2d 671, 674 (S.D. Ohio 2009).

**B.** **Plaintiff's Motion for Substitution**

As set forth above, Defendant does not dispute that both Plaintiff's federal- and state-law claims, which are remedial in nature, survive his death. At issue, then, is whether Ms. Sherrod qualifies as a "proper party" under Rule 25(a). To resolve this issue, the Court need not engage in a lengthy analysis to determine whether to apply federal or Ohio law or to determine whether

the applicable authority requires formal appointment as administrator or executor because Ms. Sherrod's legal status as administratrix qualifies her as a "proper party" even the under most rigid definitions. *Cf. Mason v. Asset Acceptance, LLC,* No. 1:06–cv–735, 2007 WL 2112347, at *2 (S.D. Ohio July 9, 2007) (citing cases) (finding "no value in requiring [the plaintiff's sister] go through the process of being formally appointed . . . executor for the sole purpose of achieving what at best amounts to mere technical compliance with Rule 25"). Defendant's opposition brief offers no counter, but instead relies upon the fact that notwithstanding her application, Ms. Sherrod had not yet been appointed administratrix as of the date Plaintiff filed the subject Motion for Substitution. It is therefore **RECOMMENDED** that Plaintiff's Motion to Substitute be **GRANTED**.

### III.

For the reasons set forth above, Plaintiff's request for additional time to file the letter of authority appointing her as administratrix is **GRANTED**. (ECF No. 38.) Further, it is **RECOMMENDED** that that Plaintiff's Motion for Substitution of Party be **GRANTED** and that Tori Sherrod, on behalf of the estate of André Sherrod, be substituted as Plaintiff in this action.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of the Report and Recommendation, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report and Recommendation or specified proposed findings or recommendations to which objection is made. Upon proper objections, a

5

District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review it *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE